

Date: Sept. 23rd, 2025

CASE NUMBER: 25STCV27655

# Complaint; Filed by: Leticia Suarez (Plaintiff); As to: Stellantis Financial Services, Inc. (Defendant); Firs...

Document prepared for:

Attorney Elizabeth Tuttle

**CASE NAME**

LETICIA SUAREZ VS STELLANTIS FINANCIAL SERVICES, INC., ET AL.

**DOCUMENT FILED DATE**

Sept. 22nd, 2025

**CASE FILING DATE**

Sept. 22nd, 2025

**COUNTY**

Los angeles county, CA

**JUDGE**

Colin P. Leis

**CATEGORY**

Other Non-Personal Injury/Property Damage tort (General Jurisdiction)

**STATUS**

Pending

trellis.law/doc/264540299/complaint-filed-by-leticia-suarez-plaintiff-as-to-stellantis-financial-services-inc-defendant-first-investors-servicing-corporation-defendant

ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (323) 998-7520
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
LETICIA SUAREZ

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 11:42 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

LETICIA SUAREZ,

        Plaintiff,

vs.

STELLANTIS FINANCIAL SERVICES, INC., FIRST INVESTORS SERVICING CORPORATION, and DOES 1-25,

        Defendants.

Case No: 25STCV27655

**COMPLAINT FOR:**

**1. Violations of the Rosenthal Fair Debt Collection Practices Act**

**2. Violations of the Consumer Credit Reporting Agencies Act**

**3. Violations of the Unfair Competition Law**

**4. Declaratory Relief**

Plaintiff Leticia Suarez hereby complains against defendants Stellantis Financial Services, Inc. (hereinafter "Stellantis"), First Investors Servicing Corporation (hereinafter "First Investors"), and Does 1-25, and alleges as follows:

**OPERATIVE FACTS**

1. On September 16, 2023, plaintiff purchased an 2019 Audi Q7 from a dealership located in California, and entered into a written conditional sales contract. Plaintiff intended to use the vehicle primarily for personal, family or household purposes. The conditional sales contract is governed by the Rees-Levering Automobile Sales Finance Act, Civil Code § 2981 et. seq. The dealership assigned the contract to defendant Stellantis.

2. On December 2, 2024, Stellantis repossessed plaintiff's vehicle.

3. On December 4, 2024, defendant First Investors sent plaintiff an email entitled "Payment Information For Leticia Suarez Alvarez." In violation of the Rosenthal Fair Debt Collection Practices Act, the email (1) omitted First Investors' California debt collection license number; (2) falsely stated that plaintiff's reinstatement amount was $4,046, when it was actually $3,261.85; and (3) falsely stated that plaintiff had until December 25, 2024 to reinstate, when she actually had until December 29, 2024, or January 8, 2025 if she exercised her statutory right to a ten day extension.

4. On December 4, 2024, defendant First Investors sent plaintiff a second email entitled "Receipt of Reinstatement." In violation of the Rosenthal Fair Debt Collection Practices Act, the email (1) omitted First Investors' California debt collection license number; (2) falsely stated that Stellantis had charged $650 in repossession fees, and $150 in flatbed fees to the account, which never happened; and (3) falsely stated the reinstatement amount was $4,046, when it was actually $3,261.85.

5. On December 5, 20245, Stellantis issued plaintiff a "Notice of Our Plan to Sell Property" letter (hereinafter the "NOI"), and mailed it to plaintiff from

1

out of state sometime on or after December 6, 2024.

6. The NOI violated the Rees-Levering Act in the following ways:

(a) in violation of Civil Code § 2983.2(a)(1), it failed to state the computation or estimate of a credit for canceled GAP insurance as of the date of the notice;

(b) in violation of Civil Code § 2983.2(a)(2), it (i) stated plaintiff would have to pay an installment coming due on August 30, 2024, in order to reinstate, but this payment due date had already elapsed, and so had either been paid or was already included in the reinstatement amount, and (ii) failed to advise plaintiff that she had to pay an installment coming due during the reinstatement period on December 30, 2024; and

(c) in violation of Civil Code § 2983.2(a)(3), it included a form for requesting an extension of the reinstatement and redemption periods, which was not limited to spaces for the requesting party to sign and date the form, and instructions for how to serve it.

7. The NOI violated the UCC at Commercial Code § 9623(c)(2) because it stated that plaintiff had a right to redeem the vehicle only until December 29, 2024. In fact, plaintiff had a statutory right to redeem the vehicle up until the time it was actually sold.

8. Stellantis sold plaintiff's vehicle and assessed a deficiency balance of $19,474.61 on plaintiff's account. Plaintiff did not owe any deficiency balance due to Stellantis' violations of the Rees-Levering Act and the UCC. <u>See</u> Civil Code §§ 2983.2(a) and 2983.8; Comm. Code § 9626.

9. Stellantis sent plaintiff an "Explanation of Calculation of Surplus or Deficiency" letter dated March 10, 2025 which (1) falsely stated that plaintiff owed $19,474.61, an amount which was too high because it failed to account for the credit due to plaintiff for the return of unearned premiums on plaintiff's cancelled GAP insurance policy; (2) falsely stated that plaintiff was liable for a deficiency balance, and demanded payment on the non-existent debt; and (3) falsely stated that

2

1  plaintiff owed late charges which had accrued after the repossession and therefore
2  were not owed.
3      10.   Stellantis began reporting to the three major credit reporting agencies
4  that plaintiff owed a deficiency balance, but reported different dollar amounts
5  owed, to each credit reporting agency.  All of the amounts reported were
6  inaccurate.  They were each substantially higher than the $19,474.61 which
7  Stellantis itself had said plaintiff owed, and all of the amounts failed to account for
8  the GAP insurance premium credit. Finally, the amounts reported were all
9  inaccurate because plaintiff owed no deficiency balance at all, due to Stellantis'
10 Rees-Levering Act and UCC violations.
11     11.   On April 14, 2025, plaintiff sent a letter to Stellantis in which she
12 informed Stellantis that it was reporting the wrong amounts, and explained why she
13 owed no deficiency balance due to the Rees-Levering Act violations. She stated
14 that the debt was zero and disputed, thereby refusing to pay.  At this point,
15 Stellantis was required by the Rosenthal Act to cease all contact with plaintiff.
16     12.   Nevertheless, Stellantis sent plaintiff another "Explanation of
17 Calculation of Surplus or Deficiency" letter dated July 3, 2025, which contained the
18 same inaccurate statements as the first letter, and again demanded payment.
19     13.    Even after receiving plaintiff's dispute letter on April 17, 2025,
20 Stellantis continued reporting the derogatory account on plaintiff's credit reports.
21 Stellantis refused to correct the numerical errors in the account balance which
22 plaintiff had pointed out, and continued reporting different amounts owed, to
23 different credit reporting agencies.  Stellantis ignored plaintiff's dispute of the
24 entire balance based on its Rees-Levering Act violations.
25     14.   Stellantis' defective NOI is a form template letter which it uses
26 throughout the state of California for all of its California borrowers.  Stellantis
27 continues to issue defective form NOI's, continues to collect on deficiency balances
28 which are not owed, continues to send deceptive collection letters to its California

3

borrowers stating they owe deficiency balances, when they do not, and continues to report false information on its borrowers' credit reports. Accordingly, plaintiff seeks a public injunction under the Unfair Competition Law, to put an end to this illegal conduct.

15. First Investors' deceptive reinstatement emails are form emails, which First Investors uses throughout the state of California for all of Stellantis' California borrowers. First Investors continues to issue these deceptive emails to California residents in violation of the Rosenthal Fair Debt Collection Practices Act. Accordingly, plaintiff seeks a public injunction under the Unfair Competition Law, to put an end to this illegal conduct.

## JURISDICTION AND VENUE

16. The Superior Court has subject matter over this action because the amount in controversy exceeds $35,000 and plaintiff seeks declaratory and injunctive relief.

17. Venue is proper in the Los Angeles County Superior Court pursuant to Code of Civil Procedure § 395(a), because no defendant resides in California and plaintiff may therefore sue in any county.

## PARTIES

18. Plaintiff is a natural person over the age of 18 years.

19. Defendant Stellantis Financial Services, Inc. is a Texas corporation with its headquarters located in Houston, Texas.

20. Defendant First Investors Servicing Corporation is a Delaware corporation with its headquarters located in Atlanta, Georgia.

21. Defendants Does 1 through 25 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged

4

1  herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of
2  court to amend this complaint to state the true names and capacities of such
3  fictitiously named defendants when ascertained.
4      22.    Defendant First Investors acted as the agent for its principal, defendant
5  Stellantis, as to all acts complained of herein.

**FIRST CAUSE OF ACTION**
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

8      23.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

10     24.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

16     25.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

22     26.    The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

27     27.    Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false, deceptive, or misleading statements to plaintiff

5

in the two First Investors emails, the NOI, and in the two "Explanation of Calculation of Surplus or Deficiency" letters.

28.   Defendant Stellantis violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by attempting to collect on a non-existent debt.

29.   Defendant Stellantis violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692c(c), by communicating with plaintiff after she refused to pay the alleged debt.

30.   Defendant First Investors violated Civil Code § 1788.11(f) by sending written or digital communications to plaintiff which did not display First Investors' California debt collection license number.

31.   As a proximate result of defendants' violations of the Rosenthal Act, plaintiff is entitled to recover any actual damages she suffered, including emotional distress, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

32.   Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $2,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

33.   Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
(Against Defendant Stellantis and the Doe Defendants for Violations of the Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1 et seq).

34.   Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

35.   Defendant Stellantis violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting

6

agency when it knew or should know have known the information was incomplete or inaccurate.

36.  Plaintiff has suffered actual damages as a result of defendants' unlawful acts.

37.  Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

38.  Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

39.  Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200)**

40.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

41.  Plaintiff files this cause of action in their capacity as private attorney generals, to challenge and remedy defendants' illegal business practices. Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief as a remedy for any violations of the UCL.

42.  Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed, and continue to commit, acts of unfair competition.

7

43. The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the Rees-Levering Act, the UCC, the Rosenthal Fair Debt Collection Practices Act, and the California Consumer Credit Reporting Agencies Act.

44. The business acts and practices of defendants as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

45. The business acts and practices of defendants as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

46. Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair and/or fraudulent acts and practices of defendants challenged herein.

47. Pursuant to Pursuant to Business and Professions Code § 17204, plaintiff seeks a public injunction restraining defendants from committing the unlawful, fraudulent, and unfair business practices alleged herein, including: (1) issuing defective NOI's in violation of Civil Code § 2983.2(a); (2) issuing deceptive form collection letters or emails; (3) reporting to credit reporting agencies that consumers owe deficiency balances which they do not owe; and (4) collecting or attempting to collect on deficiency balances which are not owed.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### (By Plaintiff Against Defendant Stellantis for Declaratory Relief)

48. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

49. An actual controversy has arisen between plaintiff and Stellantis, in that Stellantis claims that plaintiff owes a deficiency balance on the subject account, and plaintiff claims she does not, due to Stellantis' violations of the Rees-Levering Act and the UCC.

50. Plaintiff therefore seeks declaratory relief that she does not owe a deficiency balance to Stellantis.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For public injunctive relief;
5. For declaratory relief;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  September 22, 2025          Respectfully Submitted,

                                    TRUEBLOOD LAW FIRM


                                    By:   /s/
                                          Alexander B. Trueblood

                                    Attorneys for Plaintiff
                                    LETICIA SUAREZ